# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL ARTHUR HELEVA,** | : | **CIVIL ACTION NO. 1:07-CV-1398** |
| **Petitioner** | : | **(Judge Conner)** |
| v. | : | |
| **WARDEN MRS M. BROOKS, and PA STATE ATTORNEY GENERAL,** | : | |
| **Respondents** | : | |

## MEMORANDUM

Petitioner Daniel Arthur Heleva ("Heleva") filed the present petition for writ of habeas corpus pursuant to § 2254 challenging a judgment and conviction imposed in the Court of Common Pleas of Monroe County. (Doc. 1). For the reasons discussed below, the petition will be dismissed for failure to exhaust state court remedies.

### I. Background

Following a jury trial, Heleva was convicted in the Court of Common Pleas of Monroe County of felony Criminal Homicide in the First Degree as an Accomplice, felony Endangering the Welfare of a Child in the Third Degree, and related misdemeanors. (Doc. 17, p. 23). On March 4, 2005, he was sentenced to a term of life imprisonment and term prison sentences which were ordered to run consecutive to the life term. (Id.)

Heleva pursued direct appeal proceedings. (Id. at p. 29; see also electronic docket sheet for Commonwealth of Pennsylvania v. Heleva, Superior Court of Pennsylvania, 896 EDA 2005, found at http://ujsportal.pacourts.us). According to the electronic docket, the appeal was dismissed for failure to file a brief.

He then filed a Motion for Post Conviction Collateral Relief in the Court of Common Pleas of Monroe County in December 2006. (Id. at p. 42). The collateral relief petition, which was amended on April 2, 2007, is presently pending before the Court of Common Pleas of Monroe County. (Id. at p. 46).

## II.   Discussion

Respondents argue that the petition is subject to dismissal for failure to exhaust state court remedies because Heleva "has not completed one full round of the state's established review process before seeking federal review of the issues raised in the instant petition." (Doc. 7, p. 5). The Court agrees.

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-499 (1973). However, habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal

constitutional challenges to state convictions.  See Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).  Respect for the state court system requires that the petitioner demonstrate that the claims in question have been "fairly presented to the state courts." Castille v. Peoples, 489 U.S. 346, 351 (1989).  Fair presentation also requires the petitioner to raise the claim in a procedural context in which the state courts can consider it on the merits.  Id.

The pendency of his Motion for Post Conviction Collateral Relief in the Court of Common Pleas of Monroe County is a clear indicator that available state court remedies have not yet been exhausted.  Accordingly, the petition will be dismissed for failure to exhaust.

The dismissal is not without consideration of Heleva's request that the Court apply the stay and abeyance rule announced in Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004).  (Doc. 1, p. 2).  "Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." Crews, 360 F.3d at 151.  The stay and abeyance rule is inapplicable in the instant matter as Heleva's petition is not mixed.

AND NOW, this 3rd day of October, 2007, upon consideration of the petition for writ of habeas corpus (Doc. 1), it is hereby ORDERED that:

1. The petition is DISMISSED for failure to exhaust state court remedies.

2. Petitioner's motion for handwriting analysis (Doc. 8) is DENIED and the Clerk of Court is directed to TERMINATE the motion.

3. A certificate of appealability is DENIED.  See 28 U.S.C. § 2253(c).

4. The Clerk of Court is further directed to CLOSE this case.


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge