# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL ARTHUR HELEVA,** | : | **CIVIL ACTION NO. 1:07-CV-1398** |
| **Petitioner** | : | **(Judge Conner)** |
| v. | : | |
| **WARDEN MRS M. BROOKS, and PA STATE ATTORNEY GENERAL,** | : | |
| **Respondents** | : | |

## ORDER

AND NOW, this 23rd day of August, 2013, upon consideration of petitioner's motion for appointment of counsel (Doc. 56), and the Court recognizing that although prisoners have no "automatic" constitutional or statutory rights to appointment of counsel in a federal habeas corpus proceeding, a court does have broad discretionary power to appoint counsel under 18 U.S.C. §3006Aa(a)(2)[1], Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), and that several factors must be considered in deciding whether the "interests of justice require" the appointment of counsel for a petitioner in a habeas corpus proceeding, including the complexity of the factual and legal issues in the case, as well as the *pro se* petitioner's ability to investigate facts and present claims, Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990), and that courts have held, for example, that there was no abuse of discretion

---

[1] Any person seeking relief under 28 U.S.C. §§ 2241 or 2254 may be provided counsel, "whenever the United States magistrate or court determines that the interests of justice so require" and such person is "financially eligible." 18 U.S.C. §3006A(a)(2).

in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed, see Terrovona v. Kincheloe, 912 F.2d 1176, 1177 (9th Cir. 1990), or the issues were "straightforward and capable of resolution on the record," Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990), or the petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions," LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987), and it appearing that, in the matter *sub judice*, appointment of counsel is not warranted at this time as the legal issues are relatively uncomplicated, that there will be no need for a hearing, and the court cannot say, at least at this point, that petitioner will suffer prejudice if he is forced to prosecute this case on his own, it is hereby ORDERED that the motion for appointment of counsel (Doc. 56) is DENIED.

       S/ Christopher C. Conner
       CHRISTOPHER C. CONNER
       United States District Judge