IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL ARTHUR HELEVA,** | : | **CIVIL NO. 1:07-CV-1398** |
| **Petitioner** | : | **(Chief Judge Conner)** |
| v. | : | |
| **WARDEN MRS. M. BROOKS**, and **PA STATE ATTORNEY GENERAL,** | : | |
| **Respondents** | : | |

## **ORDER**

AND NOW, this 25th day of June, 2015, upon consideration of petitioner's motion (Doc. 67) for a preliminary injunction, in which he seeks an order preventing respondents from interfering with his ability to exhaust state court remedies,[1] and the Third Circuit Court having stated that a preliminary injunction is an "extraordinary remedy" that should issue in only limited circumstances, see Rawls v. Pa. Dep't of Corr., 334 F. App'x 462, 464 (3d Cir. 2009), and that the court must consider (1) the likelihood that the movant will prevail on the merits, (2) the extent to which the movant is being irreparably harmed by the conduct complained, (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued, and (4) whether granting preliminary injunctive relief will be in the public interest, see S&R Corp. v. Jiffy Lube Int'l, Inc., 968 F.2d

---

[1] Heleva challenges prison mailroom policies and claims that prison staff hindered the delivery of his mail for a period of five days thus interfering with his ability to send legal documents to the Pennsylvania Superior Court.  (Doc. 67).

371, 374 (3d Cir. 1992), and it appearing that petitioner failed to establish that he is entitled to an injunction requesting the relief sought,[2] it is hereby ORDERED that the motion (Doc. 67) is DENIED.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[2] Heleva claims that respondents interfered with his ability to mail a legal brief and several motions to the Pennsylvania Superior Court in docket number 886 EDA 2015. (Doc. 67, ¶¶ 1, 2). However, upon review of the state court docket, on June 2, 2015, the Pennsylvania Superior Court did in fact receive Heleva's brief and five separate motions. See https://ujsportal.pacourts.us, electronic docket number 886 EDA 2015. Thus, Heleva has not demonstrated actual injury to his ability to exhaust state court remedies, and has not shown that his ability to litigate this suit is being irreparably harmed. See, e.g., Ball v. Oden, 396 F. App'x 886, 887 (3d Cir. 2010) (district court properly denied prisoner's motion for a preliminary injunction because she "has not shown that defendants are irreparably injuring her ability to litigate this or any other suit").