# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL ARTHUR HELEVA,** | : | CIVIL NO. 1:07-CV-1398 |
|     **Petitioner** | : | |
| | : | **(Chief Judge Conner)** |
|     v. | : | |
| | : | |
| **WARDEN MRS. M. BROOKS**, and | : | |
| **PA STATE ATTORNEY GENERAL,** | : | |
|     **Respondents** | : | |

## ORDER

AND NOW, this 20th day of July, 2016, upon consideration of petitioner's motion (Doc. 74) to commence action, which was stayed on October 18, 2013, and any decision was held in abeyance pending petitioner's exhaustion of state remedies provided that petitioner returned to this court within thirty (30) days of final disposition his Amended Post-Conviction Collateral Relief Petition, which raised a violation of his Sixth Amendment right to a speedy trial, (Doc. 66), and it appearing that petitioner has exhausted his claims within the Commonwealth of Pennsylvania (Doc. 71), and now seeks to have his sole claim considered in federal court,[1] it is hereby ORDERED that:

---

[1] The court previously determined that the petition for writ of habeas corpus (Doc. 35) contains the singular ground from the original petition for writ of habeas corpus (Doc. 1) of deprivation of petitioner's Sixth Amendment right to speedy trial. See (Docs. 41, 44). Petitioner elected to have the petition (Doc. 35) construed and ruled on as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 containing the singular ground of deprivation of petitioner's Sixth Amendment right to speedy trial. (Doc. 43). The court will strike petitioner's supplement to the habeas petition wherein he now attempts to raise "additional issues discovered, argued, briefed, presented and summarily denied without proper cause." (Doc. 69, at 2).

1. Petitioner's motion (Doc. 74) to commence action is CONSTRUED as a motion to reopen and is GRANTED.

2. The Clerk of Court is directed to REOPEN this matter.

3. The Clerk of Court is directed to STRIKE the supplement (Doc. 69) to the petition for writ of habeas corpus.

4. Respondents shall file an answer to the petition for writ of habeas corpus (Doc. 35), and a memorandum of law, addressing the singular ground from the original petition for writ of habeas corpus of deprivation of petitioner's Sixth Amendment right to speedy trial, on or before August 10, 2016. See R. GOVERNING § 2254 CASES R. 1(b), 5(b)-(d) (explaining required contents of answer and supporting materials).

5. Petitioner may, if he so chooses, file a reply to the answer within fourteen (14) days of the date on which the answer is filed. See R. GOVERNING § 2254 CASES R.1(b), 5(e).

6. A determination of whether petitioner should be produced for a hearing will be held in abeyance pending the filing of the answer and memorandum of law, and the petitioner's reply, if he chooses to file one.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania